Slip Op. 21-32

## UNITED STATES COURT OF INTERNATIONAL TRADE

---

**CELIK HALAT VE TEL SANAYI A.S.,**

     **Plaintiff,**

**v.**

**UNITED STATES,**

     **Defendant,**

**and**

**INSTEEL WIRE PRODUCTS COMPANY ET AL.,**

     **Defendant-Intervenors.**

**Before: Claire R. Kelly, Judge**

**Court No. 20-03848**

---

## OPINION

[Dismissing Plaintiff's complaint challenging Commerce's preliminary determination in the countervailing duty investigation into prestressed concrete steel wire strand from the Republic of Turkey.]

Dated: March 24, 2021

<u>Irene H. Chen</u>, Chen Law Group LLC of Rockville, MD for plaintiff.

<u>Tara K. Hogan</u>, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC, for defendant. Also on the briefs were <u>Jeanne E. Davidson</u>, Director, and <u>Jeffrey Bossert Clark</u> and <u>Bryan M. Boynton</u>, Acting Assistant Attorneys General. Of counsels on the briefs were <u>Reza Karamloo</u> and <u>Jesus Saenz,</u> Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce of Washington, DC.

<u>Paul C. Rosenthal</u>, <u>Kathleen W. Cannon</u>, <u>R. Alan Luberda</u>, <u>Brooke M. Ringel</u>, and <u>Joshua R. Morey</u>, Kelley Drye & Warren LLP of Washington, DC, for defendant-intervenors Insteel Wire Products Company, Sumiden Wire Products Corporation, and Wire Mesh Corp.

Court No. 20-03848                                                    Page 2

Kelly, Judge: Before the court is Defendant's motion to dismiss Plaintiff Celik Halat ve Tel Sanayi A.S.'s ("Celik") complaint requesting relief from the U.S. Department of Commerce's ("Commerce") preliminary determination in its countervailing duty ("CVD") investigation into prestressed concrete steel wire strand ("PC Strand") from the Republic of Turkey ("Turkey"). See Mot. to Dismiss Compl. for Lack of Juris., Dec. 10, 2020, ECF No. 22 ("Mot. to Dismiss"); see also Compl., Nov. 19, 2020, ECF No. 2 ("Compl."). Defendant argues that the Court lacks jurisdiction over Celik's complaint, filed under 28 U.S.C. § 1581(i) (2018),[1] because the remedy under § 1581(c) is not manifestly inadequate. See Mot. to Dismiss at 7–10. Defendant further argues that the preliminary results have been subsumed into the final determination; and, that Celik has challenged that final determination in a new complaint and therefore the Court lacks jurisdiction to entertain this action. See Reply Sup. Def.'s Mot. to Dismiss Compl.'s for Lack of Juris. at 2–4, Feb. 4, 2021, ECF No. 25 ("Def.'s Reply Br.").[2] Celik argues that jurisdiction under 28 U.S.C. § 1581(i) is proper because the remedy under § 1581(c) is manifestly inadequate. See Pl. [Celik's] Opp. to Def.'s Mot. to Dismiss Compl.'s at 13–17, Jan. 14, 2021, ECF No. 24

---

[1] Further citations to Title 28 of the U.S. Code are to the 2018 edition.

[2] In Defendant's motion to dismiss the complaint, it initially argued that Celik's claim was not ripe. See Mot. to Dismiss at 10–11. Defendant initially relied on the ripeness doctrine, because, although Commerce had issued a final determination in the matter by the time Defendant filed its motion to dismiss, the International Trade Commission ("ITC") had yet to make a finding of threat to the domestic injury and thereby issue a CVD order. See id. at 11.

Court No. 20-03848                                                          Page 3

("Pl.'s Br."). For the following reasons, Defendant's motion is granted, and the case
is dismissed.

## BACKGROUND

On May 6, 2020, the U.S. Department of Commerce ("Commerce") initiated its
countervailing duty ("CVD") investigation of PC Strand from Turkey. See Compl. at
¶ 2; see also [PC Strand] from [Turkey], 85 Fed. Reg. 28,610, 28,612 (Dep't Commerce
May 13, 2020) (initiation of [CVD] investigation). On June 25, 2020, Commerce
selected Celik for individual examination. See Compl. at ¶ 3. That same day,
Commerce issued a revised initial CVD questionnaire to the Turkish government and
set a deadline of August 10, 2020 at 5:00 pm Eastern Daylight Time for filing the
final business proprietary information ("BPI") and the public CVD questionnaire
responses. See id. at ¶¶ 3, 9.

Plaintiff states that on or about August 4, 2020, due in part to a "medical
situation" of counsel, it filed a request for a one-week extension of the August 7, 2020
deadline to file its response to Section III of Commerce's CVD questionnaire, which
Commerce declined. See id. at ¶ 7. On August 7, 2020, Plaintiff timely filed its BPI
response. See id. at ¶ 8. However, on August 10, 2020, purportedly due to counsel's
medical situation, Plaintiff overlooked the two-hour time difference between
Mountain Daylight Time and Eastern Daylight Time when timing its submission of
the final BPI and public versions of the questionnaire, and thus submitted its
response at 4:27 pm MDT (6:27 pm EDT) instead of 4:27 pm EDT. See id. at ¶¶ 10,

12.[3] For its preliminary determination, Commerce applied facts otherwise available with an adverse inference ("AFA") after finding that Celik significantly impeded its investigation, and assigned a CVD subsidy and cash deposit rate of 135.06 percent.[4] See [PC Strand] from [Turkey], 85 Fed. Reg. 59,287, 59,288 (Dep't Commerce Sept. 21, 2020) (prelim. affirmative [CVD] determination, prelim. affirmative critical circumstances determination, in part) ("Prelim. Results") and accompanying Decision Memo. for the [Prelim. Results] at 9, C-489-843, (Sept. 14, 2020) available at https://enforcement.trade.gov/frn/summary/turkey/2020-20692-1.pdf (last visited Mar. 18, 2021). Moreover, Commerce determined that critical circumstances existed with respect to Celik's imports of subject merchandise, and, pursuant to section 703 and 733 of the Tariff Act of 1930, as amended 19 U.S.C. §§ 1671b(e)(2) and 1673b(e)(2)

---

[3] It appears that there is a typographical error in Plaintiff's complaint, and the court presumes that Plaintiff intended to state that, in filing its submission at 4:27 pm MDT, it overlooked the time difference between MDT and EDT. What Plaintiff actually states is that "the filing was actually submitted at 6:27 PM MDT, not 4:27 PM EDT[.]" Compl. at ¶ 12. If this were true, then Plaintiff's filing was not submitted until 8:27 pm EDT.

[4] Parties and Commerce sometimes use the shorthand "AFA" or "adverse facts available" to refer to Commerce's reliance on facts otherwise available with an adverse inference to reach a final determination. AFA, however, encompasses a two-part inquiry established by statute. See 19 U.S.C. § 1677e(a)–(b). It first requires Commerce to identify information missing from the record, and second, to explain how a party failed to cooperate to the best of its ability as to warrant the use of an adverse inference when "selecting among the facts otherwise available." Id.

Court No. 20-03848                                                                 Page 5

(2018),[5] Commerce retroactively suspended liquidation of Celik's entries.  See <u>Prelim</u>
<u>Results</u>, 85 Fed. Reg. at 59,288.

On November 19, 2020, Plaintiff Celik initiated this action pursuant to 28
U.S.C. § 1581(i) by concurrently filing a summons and complaint.  <u>See</u> Summons,
Nov. 19, 2020, ECF No. 1; Compl.  Shortly thereafter, Celik moved for a temporary
restraining order ("TRO") and a preliminary injunction to enjoin Commerce from
continuing to reject its untimely submitted questionnaire responses in the ongoing
CVD investigation of certain PC Strand from Turkey.  <u>See generally</u> Pl.'s Mot; <u>see</u>
<u>also</u> <u>Prelim. Results</u>.  Plaintiff also filed a motion to consolidate this case with Celik
Halat ve Tel Sanayi A.S. v. United States, Ct. No. 20-03843, an action challenging
Commerce's decision to reject Celik's untimely questionnaire responses in the
ongoing ADD investigation of PC Strand from Turkey.  <u>See</u> Pl.'s Mot. to Consolidate
Cases, Nov. 19, 2020, ECF No. 6; <u>see also</u> Compl., Nov. 19, 2020, ECF No. 2 (from
Dkt. No. 20-03843).  The court denied the motion for a TRO and preliminary
injunction, <u>see generally</u> <u>Celik Halat ve Tel Sanayi A.S., v. United States</u>, 44 CIT __,
__, Slip Op. No. 20-176 (2020),[6] and stayed the motion to consolidate pending

---

[5] Further citations to the Tariff Act of 1930, as amended, are to the relevant
provisions of Title 19 of the U.S. Code, 2018 edition.

[6] This court denied Celik's motion for a preliminary injunction and TRO because it
found that Celik was unlikely to succeed on the merits and had failed to show that it
would be imminently and irreparably harmed if the court did not grant the motion.
<u>See</u> <u>Celik Halat ve Tel Sanayi A.S., v. United States</u>, 44 CIT __, __, Slip Op. No. 20-
176 at 7–16 (2020).

resolution of the motion to dismiss.  See Scheduling Order, Nov. 20, 2020, ECF No. 11.

On December 10, 2020, Defendant filed a motion to dismiss Celik's complaint, arguing that the Court lacked subject matter jurisdiction over Celik's complaint filed under 28 U.S.C. § 1581(i).  See Mot. to Dismiss at 7–11.  Celik filed a response in which it argued that it carried its burden of establishing that jurisdiction was proper under 28 U.S.C. § 1581(i), because jurisdiction under § 1581(c) is manifestly inadequate.  See Pl.'s Br. at 13–17.  Commerce subsequently published its final determination on January 29, 2021, see [PC Strand] From Argentina, Colombia, Egypt, Netherlands, Saudi Arabia, Taiwan, Turkey, and the United Arab Emirates, 86 Fed. Reg. 7,564, 7,564–65 (Dep't Commerce Jan. 29, 2021) (final determ.), and issued a CVD order on February 3, 2021.  See [PC Strand] From Argentina, Colombia, Egypt, Netherlands, Saudi Arabia, Taiwan, Turkey, and the United Arab Emirates, 86 Fed. Reg. 7,990 (Dep't Commerce Feb. 3, 2021) ([CVD] order).  On the same day the CVD order was issued, Celik filed a complaint challenging the determination.  See Compl., Feb. 3, 2021, ECF No. 2 (from Dkt. Ct. No. 21-00050).  In its reply, Defendant argues that Celik's complaint regarding the preliminary determination has now been subsumed into the final determination.  See Def.'s Reply Br. at 2–4.

## DISCUSSION

Defendant moves to dismiss Celik's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1581(i), because jurisdiction under § 1581(c) is

available.  <u>See</u> Mot. to Dismiss at 7–11.  Moreover, Defendant argues that the final

determination, now the subject of a complaint that Celik has filed, subsumes the

preliminary determination.  <u>See</u> Def.'s Reply Br. at 2–4.  Celik contends that review

under § 1581(c) is manifestly inadequate because, if required to file its complaint

under this subsection, Celik will have suffered "irreversible and irreparable harm" by

the conclusion of the regular judicial appeal proceedings.  <u>See</u> Pl.'s Br. at 7–8, 13–17.

Celik's argument that this court has jurisdiction under 28 U.S.C. § 1581(i) fails as: (i)

the court has jurisdiction under 28 U.S.C. § 1581(c); (ii) jurisdiction under § 1581(c)

is not manifestly inadequate.  <u>See</u> <u>Celik Halat ve Tel Sanayi A.S. v. United States</u>,

45 CIT __, __, Slip Op. 21-31 at 6–12 (Mar. 24, 2021) ("<u>Celik Halat I</u>").

  Under 28 U.S.C. § 1581(i), the Court has jurisdiction to hear "any civil action

commenced against the United States, its agencies, or its officers, that arises out of

any law of the United States providing for-- . . . (2) tariffs, duties, fees, or other taxes

on the importation of merchandise for reasons other than the raising of revenue."  28

U.S.C. § 1581(i)(2).  However, § 1581(i) "shall not confer jurisdiction over an

antidumping or countervailing duty determination which is reviewable[] by the Court

of International Trade under [19 U.S.C. § 1516a(a)]. . . ."  28 U.S.C. § 1581(i).  The

legislative history of § 1581(i) demonstrates Congress intended "that any

determination specified in [19 U.S.C. § 1516a] or any preliminary administrative

action which, in the course of the proceeding, will be, directly or by implication,

incorporated in or superseded by any such determination, is reviewable exclusively

as provided in [19 U.S.C. § 1516a]." H.R.Rep. No. 96–1235, at 48 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3759–60. Thus, the Court's § 1581(i) jurisdiction is available only if the party asserting jurisdiction can show the Court's § 1581(a)–(h) jurisdiction is unavailable, or the remedies afforded by those provisions would be manifestly inadequate.  See Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987) ("Miller & Co.") ("Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." (citations omitted)).

Manifest inadequacy exists when, although there is jurisdiction under 28 U.S.C. § 1581(a)–(h), filing suit under one of those subsections would be an "exercise of futility," meaning that it is "incapable of producing any result."  See Hartford Fire Ins. Co. v. United States, 544 F.3d at 1289 (Fed. Cir. 2008) (finding no futility where the plaintiff failed to make a required challenge directly to Customs after a Customs demand for payment, based on unsubstantiated claims that it would be futile to do so because Customs had a financial interest in the challenge and thus was allegedly biased).  That judicial review may be delayed by requiring a party to wait for Commerce's final determination is not enough to render judicial review under § 1581(c) manifestly inadequate.  See Gov't of People's Republic of China v. United States, 31 CIT 451, 461, 483 F. Supp. 2d 1274, 1282 (2007) ("Gov't of China v. United States").  Neither the burden of participating in the administrative proceeding nor

Case 1:20-cv-03848-CRK   Document 26   Filed 03/24/21   Page 9 of 12

Court No. 20-03848                                                                Page 9

the business uncertainty caused by such a proceeding is sufficient to constitute

manifest inadequacy.  See, e.g., id., 31 CIT at 461–62, 483 F. Supp. 2d at 1283 (citing

FTC v. Standard Oil Co. of California, 449 U.S. 232, 244 (1980) ("FTC")); Abitibi–

Consolidated Inc. v. United States, 30 CIT 714, 717–18, 437 F. Supp. 2d 1352, 1356–

57 (2006) ("Abitibi–Consolidated Inc.").   Financial hardship resulting from review

under § 1581(a)–(h) does not constitute manifest inadequacy.  See International

Custom Products, Inc.  v. United States, 467 F.3d 1324, 1327–28 (Fed. Cir. 2006)

("International Custom Products") (finding no manifest inadequacy where plaintiff

was under threat of imminent bankruptcy as a result of review under § 1581(a)); see

also Miller & Co., 824 F.2d at 964; American Air Parcel Forwarding Co., Ltd. v.

United States, 718 F.2d 1546, 1550-51 (Fed. Cir. 1983).

        As discussed more fully in Celik Halat I, financial hardships resulting from a

company's participation in administrative proceedings, and subsequent judicial

review of such proceedings, is insufficient to render the court's jurisdiction under

§ 1581(c) manifestly inadequate, even if the financial hardship is severe.  See Celik

Halat I, 45 CIT at __, Slip Op. 21-31 at 8–10.  Thus, Celik's allegation of the possible

future loss of its entire U.S. sales market as a result of waiting for jurisdiction to

proceed under § 1581(c) does not rise to the level of manifest inadequacy.[7]  See

---

[7] Defendant states that Celik filed a complaint under 28 U.S.C. § 1581(c) less than
three months after it filed its complaint under 28 U.S.C. § 1581(i).  See Def.'s Reply

                                                                    (footnote continued)

International Custom Products, Inc.  v. United States, 467 F.3d 1324, 1327–28 (Fed.

Cir. 2006) ("International Custom Products") (finding no manifest inadequacy where

plaintiff was under threat of imminent bankruptcy as a result of review under

§ 1581(a)).[8]   Moreover, Celik's authorities supporting a finding of manifest

inadequacy are inapposite here where the claim is that Commerce abused its

discretion, see JIA Farn Mfg. Co. v. Secretary of United States DOC, 17 CIT 187,

188–89, 817 F. Supp. 969, 971–72 (1993) (addressing whether plaintiff proved

manifest inadequacy where Commerce was alleged to have unlawfully initiated an

administrative review against the plaintiff); Asociacion Colombiano de Exportadores

de Flores v. United States, 13 CIT 584, 585–88, 717 F. Supp. 847, 849–51 (1989)

(same); see Sahaviriya Steel Indus. Pub. Co. v. United States, 601 F. Supp. 2d 1355,

1366 (addressing whether plaintiff proved manifest inadequacy where Commerce

was alleged to have acted ultra vires in initiating  an administrative review against

the plaintiff).   Celik does not challenge the lawfulness of the administrative

proceedings, but rather challenges Commerce's refusal to accept its untimely

---

Br. at 4.  Although Celik claims that waiting for a decision under 28 U.S.C. § 1581(c)
may take up to one to two years, see Pl.'s Br. at 7, it is unclear how long a proceeding
under either § 1581(c) or § 1581(i) would take, and whether there would be a material
difference in the time it took to resolve one versus the other, given that the complaints
were filed so close together.

[8] Celik does not allege that it will lose its entire sales market, only its U.S. sales
market which it says accounts for 45 percent of its total export business.  See Compl.
at Ex. G, ¶¶ 4, 11–13

Court No. 20-03848                                                                                           Page 11

questionnaire responses, alleging that this was an abuse of discretion.  See, e.g.

Compl. at ¶ 38–39.

Finally, Commerce's preliminary determination has now merged into the final

determination, and thus is unreviewable by this Court.  In FTC v. Standard Oil Co.,

the Supreme Court ruled that where a preliminary determination of an agency

constitutes a mere step towards a final decision, and will later merge into the final

decision, it is unreviewable at the preliminary juncture FTC v. Standard Oil Co. of

California, 449 U.S. 232, 246 (1980) ("FTC").  As discussed in Celik Halat I, Commerce

has now published its final results, thus the preliminary determination Celik

challenges here has merged into the final results and is not reviewable.[9]  See Celik

Halat I, 45 CIT at __, Slip Op. 21-31 at 12.

## CONCLUSION

For the foregoing reasons, it is

---

[9] As discussed, Commerce initially argued that Celik's claim is not ripe.  See Mot. to Dismiss at 10–11; see supra n.2.  "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'"  Nat'l Park Hospitality Ass'n v. U.S. Dep't of Interior, 538 U.S. 803, 807–08 (2003).  By the time Defendant filed its reply to plaintiff's response to its motion to dismiss, Commerce had issued an ADD order based on determinations of Commerce and the ITC, and thus Defendant argued that the proceedings were complete, and any preliminary determinations had been subsumed into the final results and order.  See Def.'s Reply Br. at 2–4.  Commerce has issued final results and Celik is now entitled to challenge those results under 28 U.S.C. § 1581(c).

Court No. 20-03848                                                     Page 12

   **ORDERED** that Defendant's motion to dismiss for lack of jurisdiction is

granted; and it is further

   **ORDERED** that the case is dismissed.  Judgment will enter accordingly.


                                              /s/ Claire R. Kelly
                                              Claire R. Kelly, Judge


Dated:        March 24, 2021
              New York, New York